IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KWAESI COLLINS, | ) | |
| ID # 44700-177, | ) | |
|     Movant, | ) | No. 3:15-CV-2057-O |
| vs. | ) | No. 3:12-CR-187-O |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Final Amended Motion Under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received August 1, 2016 (doc. 24), should be **DENIED** with prejudice.

### I.  BACKGROUND

Kwaesi Collins (Movant) challenges his federal conviction and sentence in Cause No. 3:12-CR-187.  The respondent is the United States of America (Government).

On June 20, 2012, Movant was charged by indictment with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  (*See* No. 3:12-CR-187-O, doc. 1.)  He was convicted after a bench trial and later sentenced under the Armed Career Criminal Act (ACCA) to 180 months' imprisonment.  (*Id.,* doc. 40 at 1-2; doc. 27-1 at 6.)[1]  The judgment was affirmed on appeal.  *United States v. Collins*, 573 Fed. App'x 374 (5th Cir. 2014).  He did not file a petition for writ of certiorari.

---

[1]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

A.  **Initial § 2255 Claims**

Movant signed his initial § 2255 motion on June 9, 2015. (*See* doc. 2 at 12.) He claimed that the Court lacked jurisdiction because the firearm did not affect economic activity, that he received ineffective assistance of counsel, and that his sentence had been erroneously enhanced under United States Sentencing Guidelines (U.S.S.G.) § 2K2.1(a)(2), (b)(4)(A). The government filed a response to the § 2255 motion on August 13, 2015. (*See* doc. 7.) Movant then filed a motion for leave to amend to add a claim under *Johnson v. United States*, 135 S.Ct. 2551 (2015), that was received on September 9, 2015, and his motion was granted on September 11, 2015. (*See* docs. 8, 9.) He subsequently filed another motion for leave to amend to add additional claims of ineffective assistance of counsel, that was received on September 17, 2015. (*See* doc. 10.) On September 18, 2015, Movant was directed to file one complete amended § 2255 motion that set forth all of his claims within 30 days. (*See* doc. 11.)

Movant's amended § 2255 motion was received on September 28, 2015, and it included his *Johnson* claim. (*See* doc. 12.) On October 20, 2015, his motion to withdraw his additional claims of ineffective assistance of counsel was received, and it was granted on October 22, 2015. (*See* docs. 13, 14.) The government filed a supplemental response to the *Johnson* claim on November 17, 2015, and Movant filed a reply on December 14, 2015. (*See* docs. 17, 18.) On May 24, 2016, the government was permitted to file a second supplemental response. (*See* docs. 19, 20, 21.)

Movant filed another motion to amend his § 2255 motion that was received on June 10, 2016, seeking to add a claim that he should not have been sentenced under the ACCA. He claimed that because two Dallas County cases of aggravated robbery with a deadly weapon were consolidated, the convictions should have been counted as a single sentence, and two Tarrant County cases of

aggravated robbery with a firearm that were consolidated should also have been counted as a single sentence. (*See* doc. 22.) The motion was granted on June 28, 2016, and Movant was ordered to file a final amended § 2255 motion that set forth all the claims that he sought to assert in this habeas action, regardless of whether he had previously asserted the claims in his initial motion or amended motions, or whether the claims were new grounds for relief. (*See* doc. 23.)

**B.    Final § 2255 Claims**

Movant signed and mailed his final amended § 2255 motion, with a memorandum in support, on July 25, 2016. (*See* doc. 24 at 10; doc. 25 at 11.) It raises the following grounds:

>   (1)  The Court lacked subject matter jurisdiction because the proper authorities did not file a criminal complaint and did not establish probable cause;
>
>   (2)  He was erroneously sentenced under the Armed Career Criminal Act because some of his state criminal cases were consolidated for trial;
>
>   (3)  He was erroneously sentenced under the Armed Career Criminal Act in violation of *Johnson v. United States*, 125 S.Ct. 2551 (2015).

(*See* doc. 24 at 7; doc. 25 at 3.)[2] The Government filed a response to the final amended § 2255 motion and an appendix in support of the response on August 31, 2016. (*See* docs. 26, 27.)

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

---

[2]  Movant did not raise his original claims in his final amended § 2255 motion.

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III. STATUTE OF LIMITATIONS

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005). It states that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims

4

>presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). With regard to § 2255(f)(1), the judgment was affirmed on June 19, 2014. *United States v. Collins,* 573 Fed. App'x 374; (No. 3:12-CR-187-O, doc. 54). The judgment of conviction became final on September 17, 2014, when the ninety-day period for filing a certiorari petition with the Supreme Court expired. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"). The one-year limitations period ended on September 17, 2015. Movant's initial § 2255 motion was mailed on June 9, 2015, so it was timely filed. (*See* doc. 2 at 25.) None of the claims in his final amended § 2255 motion were raised in his initial § 2255 motion, however. Movant's final amended § 2255 motion was mailed on July 25, 2016, after the limitations period expired. (*See* doc. 24 at 10.)

**A.     Relation back**

Under Rule 15(c)(2) of the Federal Rules of Civil Procedure, an amendment of a pleading relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." To relate back to the original § 2255 motion or an earlier amendment, the claims in the final amended petition must share a common core of operative facts with the claims in the original petition. *See Mayle v. Felix*, 545 U.S. 644, 664 (2005).

*1.     Lack of Jurisdiction*

Movant claims that the Court lacked jurisdiction because the proper authorities did not file a criminal complaint and did not establish probable cause. (*See* doc. 24 at 7; doc. 25 at 3-5.) His initial § 2255 motion claimed that the Court lacked jurisdiction because the firearm did not affect

5

economic activity. (*See id.*, doc. 2 at 16.) His lack of jurisdiction claim in his final amended § 2255 motion is based on facts that differ from those alleged in support of the lack of jurisdiction claim in his initial § 2255 motion. His new claim of lack of jurisdiction does not relate back to his initial § 2255 motion.

### 2. *Consolidated State Cases*

Movant claims that he should not have been sentenced as an armed career criminal because he did not have the requisite number of predicate offenses based on the consolidation of his prior state convictions.

In the motion to amend that was received on September 17, 2015, which was the last day to timely file a § 2255 motion, Movant sought to add a claim of ineffective assistance of counsel for failure to object to the application of the ACCA based on the consolidation of his state cases. (*See* doc. 10.) He filed a motion to withdraw that claim on October 20, 2015, however, and it was granted on October 22, 2015. (*See* docs. 13, 14). Because he withdrew that claim before he filed his final amended § 2255 motion, his ACCA claim in his final amended § 2255 motion based on the consolidation of his state cases also does not relate back to his September 17, 2015 motion to amend. *See Dumont v. Litton Loan Servicing*, No. 12-CV-2677, 2014 WL 815244 (S.D. N.Y. Mar. 3, 2014) (claim raised in third amended complaint did not relate back to the same claim that was raised in the initial complaint, where the first amended complaint abandoned that claim).

### B. **Equitable Tolling**

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations

6

would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). In the context of a habeas petition filed by a state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Furthermore, Movant bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Movant has not demonstrated that he diligently pursued his rights or that extraordinary circumstances prevented him from timely filing his first two claims that are raised in the final amended § 2255 motion. His lack of jurisdiction and ACCA consolidation claims are untimely.

### IV. LACK OF JURISDICTION

In addition to being time-barred, Movant's claim that the Court lacked jurisdiction because the proper authorities did not file a criminal complaint and did not establish probable cause also lacks merit.[3]

---

[3] The Government also argues that the first two claims are procedurally barred because they should have been raised on appeal. (*See* doc. 26 at 15-16, 17.) Because the claims lack merit, it is not necessary to address the procedural bar.

7

The lack of a complaint does not deprive a federal court of jurisdiction in a criminal case; a criminal case can originate with an indictment. *See United States v. Greene*, No. 4:10-CV-15, 2013 WL 5488653 at *3 (E.D. Tenn. Sept. 30, 2013); *Marone v. United States*, No. 5:09-0073, 2011 WL 6009984 at *5 (S.D. W. Va. Nov. 9, 2011), *rec. adopted* 2011 WL 6009979 (S.D. W. Va. Dec. 1, 2011); *United States v. McDowell*, No. 09-20133, 2010 WL 501445 at *3 (D. Kan. Dec. 3, 2010).

"Under 18 U.S.C. § 3231, the district courts of the United States . . . have original jurisdiction . . . of all offenses against the laws of the United States." *United States v. Scruggs*, 691 F.3d 660, 667 (5th Cir. 2012) (*Scruggs I*). "Subject matter jurisdiction, or the court's power to hear a case, is straightforward in the criminal context." *United States v. Scruggs*, 714 F.3d 258, 262 (5th Cir. 2013) (internal quotation marks omitted) (*Scruggs II*). It is determined by looking at the indictment or information. *Scruggs I*, 691 F.3d at 667–68. "[A] federal criminal case is within the subject matter jurisdiction of the district court if the indictment charges . . . that the defendant committed a crime described in Title 18 or in one of the other statutes defining federal crimes." *Scruggs II*, 714 F.3d at 262. Movant does not argue that the indictment did not charge him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He has not shown a lack of subject matter jurisdiction.

Regarding probable cause, an indictment that is returned by a properly constituted grand jury and is valid on its face "conclusively determines the existence of probable cause" to believe that the defendant committed the alleged offense. *Kaley v. United States*, 134 S.Ct. 1090, 1097 (2014). Movant does not allege that the indictment is invalid on its face or that the grand jury was not properly constituted. He has therefore not overcome the grand jury's conclusive determination of probable cause by the return of the indictment.

## V. CONSOLIDATION OF STATE CASES

Movant claims that he did not have three prior convictions that subjected him to the ACCA because his two convictions for aggravated robbery with a deadly weapon should be counted as a single sentence, and his two convictions for aggravated robbery with a firearm should be counted as a single sentence, also lacks merit.

Under the ACCA, "a person who violates section 922(g) . . . and has three previous convictions . . . for a violent felony . . . , committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years . . . ." 18 U.S.C. § 924(e)(1).

Movant was convicted of a May 24, 1998 aggravated robbery with a deadly weapon (a firearm) in Cause No. F-9829423, and of a May 29, 1998 aggravated robbery with a deadly weapon (a firearm) in Cause No. F-9829415, in Dallas County, Texas, and he was sentenced in both cases on March 29, 1999. (No. 3:12-CR-187-O, doc. 27-1 at 8, ¶¶ 34, 35; doc. 35-1 at 2-3; *see also* No. 3:15-CV-2057, doc. 27 at 3-6.) He was convicted of a May 4, 1998 aggravated robbery with a deadly weapon (a firearm) in Cause No. 0698793A, and of a May 24, 1998 aggravated robbery with a deadly weapon (a firearm) in Cause No. 0698794A, in Tarrant County, Texas, and he was sentenced in both cases on May 10, 2000. (No. 3:12-CR-187-O, doc. 27-1 at 9, ¶¶ 37-38; doc. 35-1 at 4-7; *see also* No. 3:15-CV-2057, doc. 27 at 7-12.)

Movant argues that under United States Sentencing Guideline (USSG) § 4A1.2(a)(2), prior sentences count as a single sentence if the sentences were imposed on the same day or the cases were consolidated for trial and sentencing. Section 4A1.2 applies to the criminal history calculation. The ACCA only inquires whether there are three previous convictions for a violent felony that were committed on different occasions. 18 U.S.C. § 924(e)(1). Section 4A1.2 does not apply to the

9

determination of whether the defendant is subject to an enhanced sentence under 18 U.S.C. § 924(e). USSG § 4B1.4 n.1. Movant has not argued or shown that the ACCA does not apply because his previous aggravated robbery convictions were not committed on different occasions.

### VI. *JOHNSON*

Movant asserts that his aggravated robbery convictions did not subject him to the ACCA based on *Johnson v. United States*, 135 S. Ct. 2551 (2015).

The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . ..

18 U.S.C. § 924(e)(2)(B)(i)-(ii).

In *Johnson*, the Supreme Court held that the imposition of an increased sentenced under the residual clause of the ACCA, 18 U.S.C. § 924(e)(1), (2)(B) (regarding a prior conviction that "otherwise involves conduct that presents a serious potential risk of physical injury to another"), violates the Constitution's guarantee of due process because the residual clause is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. The holding of *Johnson* is retroactively available on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016). Although Movant's aggravated robbery convictions could not constitutionally subject him to sentencing under the residual clause of the ACCA under *Johnson*, the convictions could qualify as violent felonies under § 924(e)(2)(B)(i) if they have "as an element the use, attempted use, or threatened use of physical force against the person of another."

Under Texas law, a person commits aggravated robbery if he commits robbery and he:

(1) causes serious bodily injury to another;

(2) uses or exhibits a deadly weapon; or

(3) causes bodily injury to another person or threatens or places another person in fear of imminent bodily injury or death, if the other person is:

    (A) 65 years of age or older; or

    (B) a disabled person.

Tex. Penal Code § 29.03(a). A person commits robbery if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he:

(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

Tex. Penal Code § 29.02(a).

The aggravated robbery statute is a divisible statute because it sets out one or more elements of the offense in the alternative. *See Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013) (a divisible statute sets out one or more elements in the alternative); *see also Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016) (same). To determine whether a conviction under a divisible statute constitutes a "violent felony" under the ACCA, a "modified categorical approach" is used to determine which of the alternative statutory elements in a divisible statute a person was convicted of committing. *Descamps*, 133 S.Ct. at 2281, 2283-85. Under the modified categorical approach, a court may review case documents such as an indictment or jury instructions to determine which alternative element the person was convicted of committing. *Id*. at 2281, 2284.

Here, each aggravated robbery indictment alleged that Movant committed the offense by "threaten[ing] [and/or] plac[ing] [the victim] in fear of imminent bodily injury [and/or] death, and [Movant] did then and there use [and/or] exhibit a deadly weapon, to wit: a firearm." (*See* doc. 27 at 3, 5, 7, 10.) He pled guilty to each indictment. (*Id*. at 2, 4, 6, 9.) By threatening or placing the victims in fear of imminent bodily injury or death by using or exhibiting a firearm, he "threatened use of physical force against the person of another" and the aggravated robbery convictions were for violent felonies under 18 U.S.C. § 924(e)(2)(B)(i). *See United States v. Garza*, No. 2:16-CV-10, 2017 WL 318861 at *2-3 (S.D. Tex. Jan. 23, 2017) (robbery by threat is a violent felony under § 924(e)(2)(B)(i)); *United States v. Roman*, No. H-16-1923, 2016 WL 7388388 at *3 (S.D. Tex. Dec. 20, 2016) (same); *United States v. Longoria*, No. 2:14-CV-15, 2015 WL 7583008 at *4 (S.D. Tex. Nov. 24, 2015) (aggravated robbery by threat is a violent felony under § 924(e)(2)(B)(i)). Because Movant's aggravated robbery convictions were violent felonies under § 924(e)(2)(B)(i), *Johnson*'s holding that the residual clause of § 924(e)(2)(B)(ii) is unconstitutional does not affect the validity of Movant's sentencing under the ACCA. He has not shown that he was erroneously sentenced under the ACCA.

## VII.  EVIDENTIARY HEARING

No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Here, the record conclusively shows that Movant is entitled to no relief, so no hearing is required.

## VIII.  RECOMMENDATION

The *Motion to Vacate, Set Aside, or Correct Sentence* pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

12

**SO RECOMMENDED** this 19th day of May, 2017.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE